1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

9

10

11

12

13

STEVEN WAYNE ANDERSON,

Plaintiff,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

Defendant.

CASE NO. 3:16-CV-05409- DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

14

15

16

17

18

    Plaintiff Steven Wayne Anderson filed this action, pursuant to 42 U.S.C. § 405(g), for

judicial review of Defendant's denial of Plaintiff's application for supplemental security income

("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule

MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate

Judge. *See* Dkt. 7.

19

20

21

22

23

24

    After considering the record, the Court concludes the Administrative Law Judge ("ALJ")

erred when evaluating the medical evidence, and consequently in formulating the residual

functional capacity ("RFC") and finding Plaintiff capable of performing jobs existing in the

national economy. The ALJ's error is therefore harmful, and this matter is reversed and

1    remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner of Social

2    Security ("Commissioner") for further proceedings consistent with this Order.

3                  <u>FACTUAL AND PROCEDURAL HISTORY</u>

4          On December 18, 2009, Plaintiff filed applications for SSI, alleging disability as of

5    January 1, 2002. *See* Dkt. 9, Administrative Record ("AR") 20. The application was denied upon

6    initial administrative review. *See* AR 20. A video hearing was held before ALJ Caroline Siderius

7    regarding the denial of Plaintiff's SSI claim. AR 20. In a decision dated March 1, 2012, the ALJ

8    determined Plaintiff to be not disabled. *See* AR 20-30. The Appeals Council denied Plaintiff's

9    administrative appeal, making the ALJ's decision the final decision of the Commissioner. AR 1.

10   Plaintiff appealed to the United States District Court for the Eastern District of Washington,

11   which upon stipulation of the parties remanded the case for further proceedings. *See* AR 594-

12   605; *Anderson v. Colvin*, 2:13-cv-03137-RHW (E.D. Wash. Nov. 13, 2014).

13         On remand, Plaintiff received a second hearing before ALJ Kimberly Boyce, who found

14   Plaintiff not disabled on March 25, 2016. AR 550-63. The Appeals Council declined to assume

15   jurisdiction of the opinion, making the ALJ's decision the final decision of the Commissioner. 20

16   C.F.R. § 404.981, § 416.1481. Plaintiff now appeals the second decision finding Plaintiff not

17   disabled.[1]

18         Plaintiff maintains the ALJ erred by: (1) improperly assessing the medical opinion

19   evidence; and (2) discounting Plaintiff's subjective complaints and testimony. *See* Dkt. 11, p. 2.

20

21

22

23       [1] When stating "the ALJ" or "the ALJ's decision" throughout this Order, the Court is

24   referring to ALJ Boyce's March 2016 decision.

1    <u>STANDARD OF REVIEW</u>

2        Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

3    social security benefits if the ALJ's findings are based on legal error or not supported by

4    substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

5    Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

6    <u>DISCUSSION</u>

7    **I.        Whether the ALJ Properly Evaluated the Medical Evidence.**

8        Plaintiff asserts the ALJ erred by improperly evaluating the medical evidence. Dkt. 11,

9    pp. 4-16. Specifically, Plaintiff avers the ALJ improperly rejected the medical opinion of Mary

10   Pellicer, M.D. and improperly assessed all of the medical evidence supporting Plaintiff's

11   allegations regarding his mental impairments, including the opinions of Dick Moen, MSW,

12   Russell Anderson, MSW, Aaron Burdge, Ph.D., and Thomas Genthe, Ph.D. *See id.*

13       The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted

14   opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

15   1996) (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d

16   502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the

17   opinion can be rejected "for specific and legitimate reasons that are supported by substantial

18   evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035,

19   1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can

20   accomplish this by "setting out a detailed and thorough summary of the facts and conflicting

21   clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157

22   F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

23

24

A.  Mary Pellicer, M.D.

Plaintiff avers the ALJ erred in her treatment of Dr. Pellicer's medical opinion. Dkt. 11, pp. 4-9. Dr. Pellicer completed a consultative examination of Plaintiff on June 13, 2014. AR 904-09. Dr. Pellicer conducted a clinical interview, reviewed medical records, and examined Plaintiff. *Id.* Dr. Pellicer observed Plaintiff did not have full range of motion in his back. AR 906-07. She also observed Plaintiff experienced knee discomfort in both knees when performing straight leg raises. AR 908. Plaintiff had 5/5 on muscle strength. AR 908. Based upon her examination, Dr. Pellicer determined Plaintiff had chronic back and knee pain secondary to osteoarthritis, as well as other illnesses related to depression, anxiety, and hepatitis C. AR 908. In relevant part, Dr. Pellicer opined "[b]ased on the patient's history, my examination, and other available information" Plaintiff has the following functional limitations:

1.  He is able to stand and walk for at least 4 hours in an 8 hour day with more frequent breaks due to chronic knee and back pain.

2.  He is able to sit for about 6 hours cumulatively in an 8 hour day with more frequent breaks due to chronic knee and back pain.

3.  The claimant would be capable of lifting and carrying 10 pounds occasionally due to chronic knee and back pain.

4.  The claimant can bend and squat occasionally but can't crawl, kneel or climb due to chronic knee and back pain.

AR 909.

The ALJ afforded partial weight to Dr. Pellicer's opinion. AR 559. The ALJ noted Dr. Pellicer's "[s]tanding, walking and sitting limitations are adopted and incorporated into the residual functional capacity." AR 559. However, the ALJ dismissed Dr. Pellicer's "opinion that the claimant can only lift or carry up to 10 pounds occasionally/frequently" because "the claimant's muscle strength is routinely 5/5." AR 559. In addition, the ALJ dismissed Dr.

1  Pellicer's postural limitations regarding Plaintiff's ability to crawl, kneel or climb "given the

2  objective findings throughout the record as articulated." AR 559.

3        As an initial matter, the parties dispute what legal standard applies to Dr. Pellicer's medical

4  opinion. Plaintiff argues Dr. Pellicer's opinion was uncontradicted. Dkt. 11, pp. 6-7. Thus,

5  Plaintiff argues Dr. Pellicer's opinion could only be rejected for clear and convincing reasons

6  supported by substantial evidence. *See id.* Defendant argues Dr. Pellicer's opinion is contradicted

7  by Plaintiff's treating nurse practitioner, Kelli Campbell, ARNP, "who opined that Plaintiff

8  could perform light exertional work." Dkt. 18, p. 10. Thus, Defendant argues the Court should

9  evaluate whether the ALJ's treatment of Dr. Pellicer's opinion is supported by specific and

10  legitimate reasons supported by substantial evidence. *Id.* However, as noted by Plaintiff, Ms.

11  Campbell's treatment note cited by Defendant does not appear to contradict Dr. Pellicer's findings.

12  *See* AR 457. Indeed, the record cited by Defendant appears to support Dr. Pellicer's findings as

13  Ms. Campbell put a line through a notation requiring Plaintiff to be able to walk or stand for six

14  hours in an eight hour day, instead noting Plaintiff could sit for most of the day. *See* AR 457.

15  Regardless, the Court need not address the parties' dispute because the ALJ's reason for

16  discounting Dr. Pellicer's medical opinion is neither clear and convincing nor specific and

17  legitimate and supported by substantial evidence.

18        First, the ALJ rejected Dr. Pellicer's opinion regarding Plaintiff's inability to crawl,

19  kneel, or climb "given the objective findings throughout the record as articulated." AR 559. The

20  ALJ did not cite to any evidence in the record inconsistent with Dr. Pellicer's opinion, nor did

21  the ALJ explain why her conclusions—rather than Dr. Pellicer's clinical observations—are

22  correct. *See* AR 33. The ALJ's statement lacks the specificity required by the Court. As noted by

23  the Ninth Circuit:

24

OPINION REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 5

1   To say that medical opinions are not supported by sufficient objective findings
    or are contrary to the preponderant conclusions mandated by the objective
2   findings does not achieve the level of specificity our prior cases have required,
    even when the objective factors are listed seriatim. The ALJ must do more than
3   offer his conclusions. He must set forth his own interpretations and explain
    why they, rather than the doctors', are correct. Moreover[,] the ALJ's analysis
4   does not give proper weight to the subjective elements of the doctors'
    diagnoses. The subjective judgments of treating physicians are important, and
5   properly play a part in their medical evaluations.

6   *Embrey*, 849 F.2d at 421-22 (internal footnote omitted. Here, the ALJ provided only a

7   conclusory statement finding Dr. Pellicer's assessment inconsistent with other objective findings

8   in the record. The ALJ's blanket statement is insufficient to reject Dr. Pellicer's opinion. *See*

9   *Embrey*, 849 F.2d at 421-22; *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (the ALJ's

10  rejection of a physician's opinion on the ground that it was contrary to clinical findings in the

11  record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion

12  was flawed").

13      Second, the ALJ discounted Dr. Pellicer's opinion regarding Plaintiff's limitations to lift

14  or carry up to 10 pounds occasionally because most of Dr. Pellicer's findings were "normal" and

15  the claimant's muscle strength was routinely 5/5. AR 559. However, the ALJ's treatment of this

16  portion of Dr. Pellicer's opinion suggests improper "cherry-picking" to support the ALJ's

17  decision, while failing to address aspects of Dr. Pellicer's opinion undermining the ALJ's

18  determination. *See Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014) ("[T]he ALJ

19  improperly cherry-picked some of [the doctor's] characterizations of [the claimant's] rapport and

20  demeanor instead of considering these factors in the context of [the doctor's] diagnoses and

21  observations of impairment.") (citations omitted). Dr. Pellicer conducted a clinical interview,

22  reviewed medical records, and reviewed imaging results in reaching her determination. *See* AR

23  904-09. Moreover, Dr. Pellicer made her determination regarding Plaintiff's ability to lift and

24

OPINION REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 6

carry based upon Plaintiff's chronic knee and back pain, not on Plaintiff's scores on muscle strength. *See* AR 909. The ALJ did not explain how muscle strength—upon which Dr. Pellicer did not base her opinion upon—undermines her determination regarding Plaintiff's ability to lift and carry. Thus, the ALJ's statement, without further analysis or explanation, lacks the specificity required by the Court. *Embrey*, 849 F.2d at 421-22. Moreover, given that Dr. Pellicer cited to Plaintiff's chronic back and knee pain to reach her determination, the ALJ was required to explain why her own interpretation, rather than Dr. Pellicer's, is correct. *Reddick*, 157 F.3d at 725 (citation omitted); *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) ("[J]udges, including administrative law judges of the Social Security Administration, must be careful not to succumb to the temptation to play doctor. The medical expertise of the Social Security Administration is reflected in regulations; it is not the birthright of the lawyers who apply them. Common sense can mislead; lay intuitions about medical phenomena are often wrong") (internal citations omitted)).

Third, the ALJ purportedly adopted and incorporated Dr. Pellicer's opinion regarding Plaintiff's ability to stand, walk, and sit during an eight hour workday. *See* AR 559. Plaintiff argues the ALJ did not incorporate these restrictions; specifically, "the ALJ's RFC does not reflect … [Dr. Pellicer's opinion] that Mr. Anderson was limited to standing and walking for four hours in an eight hour day with more frequent breaks." Dkt. 11, pp. 8-9. However, Dr. Pellicer opined Plaintiff "is able to stand and walk **for at least** 4 hours in an 8 hour day with more frequent breaks due to chronic knee and back pain." AR 909 (emphasis added). Dr. Pellicer did not limit Plaintiff to standing or walking for *only* four hours in an eight hour workday, but rather noted Plaintiff could stand or walk for at least four hours in an eight hour work day. In the RFC, the ALJ determined Plaintiff could "stand or walk for up to 6 hours per day in 1 hour

OPINION REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 7

1    intervals, with an opportunity to be seated for at least 15 minutes after each 1 hour period." AR

2    555. Thus, the limitations in the RFC are a reasonable interpretation of Dr. Pellicer's opined

3    limitations regarding Plaintiff's ability to sit and stand in an eight hour workday, including her

4    opined limitation regarding Plaintiff's need for "more frequent" breaks from standing or

5    walking. *See* AR 555, 909. Therefore, Plaintiff has not demonstrated that the ALJ erred by

6    failing to incorporate this portion of Dr. Pellicer's medical opinion.

7         However, the ALJ erred in rejecting portions of Dr. Pellicer's opinion as none of the

8    reasons provided by the ALJ to partially reject her opinion are specific and legitimate—or clear

9    and convincing—and supported by substantial evidence. *See Reddick*, 157 F.3d at 725.

10        "[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674

11   F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the

12   claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v.*

13   *Comm'r, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at

14   1115. The determination as to whether an error is harmless requires a "case-specific application

15   of judgment" by the reviewing court, based on an examination of the record made "'without

16   regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-

17   1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

18        Had the ALJ properly considered the opinion of Dr. Pellicer, she may have included

19   additional limitations in the RFC and in the hypothetical questions posed to the vocational

20   expert. AR 555, 518-24. For example, had the ALJ fully credited Dr. Pellicer's medical opinion,

21   she may have included limitations related to Plaintiff's limitations to lift or carry up to 10 pounds

22   occasionally. The ALJ may have also included limitations related to Plaintiff's inability to crawl,

23

24

1   kneel, or climb. As the ultimate disability determination may have changed, the ALJ's error

2   regarding Dr. Pellicer's opinion is not harmless and requires reversal. *Molina*, 674 F.3d at 1115.

3       B.  <u>Dick Moen, MSW</u>

4       Plaintiff also argues the ALJ erred in her treatment of several of Plaintiff's mental health

5   providers, including the December 2010 opinion of Dick Moen, MSW. Dkt. 11, pp. 12-13. Mr.

6   Moen completed a Psychological/Psychiatric Evaluation in April 2009 and December 2010. *See*

7   AR 448-53; 466-72. Plaintiff challenges the ALJ's treatment of Mr. Moen's December 9, 2010

8   evaluation and opinion, during which Mr. Moen completed a clinical interview and conducted a

9   mental status examination. Mr. Moen opined Plaintiff has moderate impairments in his

10  perception and thinking disturbances, and moderate impairments with respect to work activities

11  due to depression, Posttraumatic Stress Disorder ("PTSD"), and Attention Deficit Hyperactivity

12  Disorder ("ADHD"). AR 467. Mr. Moen also opined Plaintiff has a number of moderate

13  functional limitations related to cognitive and social factors, including his ability to understand,

14  remember, and persist in tasks, ability to learn new tasks, ability to perform tasks without undue

15  supervision, and ability to maintain appropriate behavior in a work setting. AR 468.

16      After discussing Mr. Moen's April 2009 opinion, the ALJ noted "[a] later template form

17  opinion from Mr. Moen dated December 2010 is assigned partial weight for the same reasons."

18  AR 560. The ALJ did not otherwise analyze or discuss Mr. Moen's December 2010 opinion.

19      Medical opinions from "other medical sources," such as therapists, must be considered.

20  *See* 20 C.F.R. § 404.1513 (d); *see also Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-24

21  (9th Cir. 2010) (citing 20 C.F.R. § 404.1513(a), (d)); SSR 06-3p, 2006 WL 2329939. "Other

22  medical source" testimony "is competent evidence that an ALJ must take into account," unless

23  the ALJ "expressly determines to disregard such testimony and gives reasons germane to each

24

OPINION REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 9

witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *Turner*, 613 F.3d at

1224. "Further, the reasons 'germane to each witness' must be specific." *Bruce v. Astrue*, 557

F.3d 1113, 1115 (9th Cir. 2009); *see Stout*, 454 F.3d at 1054 (explaining "the ALJ, not the

district court, is required to provide specific reasons for rejecting lay testimony"). Moreover, to

the extent an "other medical source" was working closely with, and under the supervision of, a

doctor, her opinion is to be considered that of an "acceptable medical source." *See Taylor v.

Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234 (9th Cir. 2011) (citing *Gomez v. Chater*, 74

F.3d 967, 971 (9th Cir. 1996)). As noted by Plaintiff, the parties stipulated that Mr. Moen and

Russell Anderson, MSW worked "under the supervision of Phillip Rodenberger, M.D." AR 597,

599. Accordingly, the ALJ could only dismiss their opinions for specific and legitimate reasons

supported by substantial evidence. *See Taylor*, 659 F.3d at 1234; *Gomez*, 74 F.3d at 971.

Here, the ALJ failed to provide any reasons for rejecting Mr. Moen's December 2010

opinion, other than referring to her discussion of the April 2009 opinion. *See AR 560. An ALJ

may not reject significant, probative evidence without explanation. *Flores v. Shalala*, 49 F.3d

562, 571 (9th Cir. 1995) (quoting *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984)).

Moreover, if an ALJ does not consider significant, probative evidence favorable to a claimant's

position, the ALJ "thereby provide[s] an incomplete residual functional capacity determination."

*Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012). Here, the ALJ's failure to specifically

discuss Mr. Moen's December 2010 opinion was error, particularly given that Mr. Moen's

opinion contained functional limitations favorable to Plaintiff's claim for disability not

accounted for in the RFC. *See AR 550. Accordingly, upon remand, the ALJ shall consider and

specifically discuss Mr. Moen's December 2010 opinion.

1          C.  Russell Anderson, MSW

2          Plaintiff also maintains the ALJ erred in assessing Russell Anderson, MSW's November

3    2009 opinion.[2] *See* Dkt. 11, pp. 11-12. Mr. Anderson completed a Psychological/Psychiatric

4    Evaluation on November 25, 2009. AR 193-200. As part of his evaluation, Mr. Anderson

5    conducted a mental status examination and clinical interview, reviewed a medical record, and

6    charted Plaintiff's self-reported symptoms. *Id.* Mr. Anderson opined Plaintiff was incapable of

7    "engaging in his usual line of occupation, such as driving [a] truck, working construction, or

8    doing manual labor, primarily due to his inattentiveness, mood disorder, and multiple physical

9    problems." AR 197. Mr. Anderson also opined Plaintiff's psychiatric symptoms, even when

10   contained, are likely to prevent him from maintaining consistent employment behaviors. AR 197.

11         The ALJ dismissed Mr. Anderson's November 2009 assessment because "the only

12   evidence he reviewed" was one medical record from April 2009. AR 560. The ALJ also

13   dismissed the November 2009 opinion because Mr. Anderson's opinion was conclusory, finding

14   Mr. Anderson "focused more on checking-boxes." AR 560. Ultimately, the ALJ noted Mr.

15   Anderson's opinion "is assigned partial weight however, as he took the time to examine and/or

16   interview the claimant, as well as complete a report." AR 560.

17         First, the ALJ dismissed Mr. Anderson's November 2009 assessment because he only

18   reviewed one medical record from April 2009. However, as Mr. Anderson conducted his own

19   clinical interview and examination, the ALJ failed to explain why Mr. Anderson's opinion

20

21   _____

22   [2] Although Plaintiff also referenced another January 2011 assessment by Mr. Anderson,
     Plaintiff did not assign any error to the ALJ's discussion—or lack of discussion—of Mr.
23   Anderson's January 2011 assessment. The Court will only consider those arguments actually
     argued in Plaintiff's opening brief. *Indep. Towers of Washington v. Washington*, 350 F.3d 925,
     929 (9th Cir. 2003). Thus, the Court has only addressed Plaintiff's arguments with respect to Mr.
24   Anderson's November 2009 opinion.

1   should be discounted simply because he did not review additional records. Without an

2   explanation as to why Mr. Anderson's observations are not credible on this basis, the Court

3   cannot determine if the ALJ's reasoning is specific and legitimate and supported by substantial

4   evidence. *See Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (an ALJ errs when he

5   rejects a medical opinion or assigns it little weight when asserting without explanation another

6   medical opinion is more persuasive).

7           Second, the ALJ partially rejected Mr. Anderson's November 2009 opinion because he

8   determined Mr. Anderson's opinion was conclusory and focused on a "check box" format. AR

9   560. An ALJ need not accept the opinion of a treating physician if that opinion is brief,

10  conclusory and inadequately supported by clinical findings. *Batson v. Comm'r of Soc. Sec.*

11  *Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). But, discrediting a doctor's opinion simply because

12  she used a check box form is not valid unless that opinion is inconsistent with the underlying

13  clinical records. *See Garrison*, 759 F.3d at 1014 n.17 ("the ALJ was [not] entitled to reject

14  [medical] opinions on the ground that they were reflected in mere check-box forms" where the

15  "check-box forms did not stand alone" but instead "reflected and were entirely consistent with

16  the hundreds of pages of treatment notes"); *see also Neff v. Colvin*, 639 Fed.Appx. 459 (9th Cir.

17  2016) (unpublished); *Esparza v. Colvin*, 631 Fed.Appx. 460, 462 (9th Cir. 2015) (unpublished).

18  To the extent that the ALJ discounted Mr. Anderson's opinion simply because the opinion was

19  contained on a check box form, the ALJ committed legal error. However, the Court agrees Mr.

20  Anderson's opinion is brief and does not contain extensive notes. Nevertheless, as this matter is

21  already remanded for further consideration, the ALJ shall reevaluate the opinion of Mr.

22  Anderson and correct the errors discussed above.

23

24

1    D.  Aaron Burdge, Ph.D.

2        Plaintiff also avers the ALJ erred in assessing Aaron Burdge, Ph.D.'s May 3, 2012

3    Psychological Evaluation Report. Dkt. 11, pp. 13-14. Dr. Burdge conducted a clinical interview,

4    mental status examination, and reviewed two Psychological/Psychiatric Evaluations authored by

5    Dick Moen, MSW. AR 786-94. Dr. Burdge opined in relevant part Plaintiff "is unlikely to

6    function adequately in a work setting until his psychological symptoms have been managed more

7    effectively." AR 789. Although the ALJ gave the remainder of Dr. Burdge's opinion significant

8    weight, the ALJ rejected this portion of Dr. Burdge's opinion, finding it overly reliant on

9    Plaintiff's self-reports  and not supported by his own findings and "those [findings] throughout

10   the record as stated".  AR 559.

11       First, the ALJ rejected Dr. Burdge's opinion because she determined it was based on

12   Plaintiff's self-report. "An ALJ may reject a treating physician's opinion if it is based 'to a large

13   extent' on a claimant self-reports that have been properly discounted as incredible." *Tommasetti*

14   *v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting *Morgan v. Comm'r. Soc. Sec. Admin.*,

15   169 F.3d 595, 602 (9th Cir. 1999) (citing *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989))).

16   However, "when an opinion is *not more heavily* based on a patient's self-reports than on clinical

17   observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d

18   1154, 1162 (9th Cir. 2014) (emphasis added) (citing *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d

19   1194, 1199-1200 (9th Cir. 2008). Here, Dr. Burdge reviewed medical records and performed a

20   mental status examination and Trail Making Tests A & B, charting a number of results. *See* AR

21   786-94. Thus, the record demonstrates Dr. Burdge did not base his medical assessment largely

22   on self-reported symptoms. Rather, Dr. Burdge provided a medical source statement based on the

23   doctor's observations, the objective results of testing, as well as Plaintiff's self-reported

24

1  symptoms. *See* 778-81. Thus, the ALJ's decision finding Dr. Burdge's assessment relied heavily

2  on Plaintiff's subjective complaints is not a legitimate reason to discount Dr. Burdge's opinion.

3        Second, the ALJ rejected Dr. Burdge's opinion, finding it not supported by his own

4  findings and the overall evidence of record. However, Dr. Burdge based part of his decision on

5  the Psychological/Psychiatric Evaluations completed by Mr. Moen. Because the Court has

6  already determined the ALJ erred in evaluating Mr. Moen's opinion, the ALJ should also

7  reevaluate Dr. Burdge's opinion upon remand.

8        E.   Thomas Genthe, Ph.D.

9        Finally, Plaintiff argues the ALJ erred in evaluating Thomas Genthe, Ph.D.'s opinion.

10  Dkt. 11, pp. 14-15. Dr. Genthe completed a Psychological Evaluation on April 22, 2014. AR

11  853-59. Dr. Genthe conducted a diagnostic interview, charted behavioral observations, and

12  conducted a mental status examination. *See id.* Dr. Genthe also reviewed medical records. *Id.*

13  Although Dr. Genthe observed Plaintiff was cooperative and friendly, he also observed Plaintiff

14  was filthy and Plaintiff's ability to understand and remember detailed instructions was assessed

15  as poor. AR 857. Dr. Genthe opined Plaintiff would be unable to function in a work setting

16  absent management of his psychological symptoms. AR 858.

17        The ALJ gave significant weight to portions of Dr. Genthe's opinion, including his

18  opinion "that the claimant is able to follow and carry-out short, simple instructions and work at

19  least near others." AR 559. However, the ALJ rejected the remainder of Dr. Genthe's opinion

20  because "although Dr. Genthe initially stated in his report that the claimant appeared well-

21  groomed with good hygiene, he then commented in his medical source statement that" Plaintiff

22  appeared filthy. AR 559. Although the ALJ acknowledged Dr. Genthe made "perhaps a

23

24

1   typographical error, this contradiction suggests that Dr. Genthe may not have paid sufficient

2   attention to assessing the claimant's limitations." AR 559.

3       Plaintiff argues the ALJ erred by rejecting Dr. Genthe's opinion because of one

4   inconsistency in his written report. The Court agrees. As noted above, an ALJ may not reject

5   significant, probative evidence without explanation. *Flores*, 49 F.3d at 571. Here, Dr. Genthe's

6   opinion was supported by a thorough mental status examination, the results of which Dr. Genthe

7   assessed as fair to poor. AR 856-57. The Court finds the ALJ erred by rejecting portions of Dr.

8   Genthe's opinion favorable to Plaintiff's position, without specifically discussing the findings

9   and offering a specific and legitimate reason supported by substantial evidence to reject each

10   opined limitation. *See Hill*, 698 F.3d at 1161. Thus, upon remand, the ALJ shall also reevaluate

11   the medical opinion of Dr. Genthe.

12   **II.    Whether the ALJ erred by failing to provide clear and convincing reasons
         supported by the record to find Plaintiff lacked credibility.**

13

14       Plaintiff contends the ALJ failed to give clear and convincing reasons for rejecting

15   Plaintiff's testimony about his symptoms and limitations. Dkt. 11, pp. 17-19. Absent evidence of

16   malingering, an ALJ must provide clear and convincing reasons to reject a claimant's testimony.

17   *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947

18   F.2d 341, 344 (9th Cir. 1991)). "General findings are insufficient; rather, the ALJ must identify

19   what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*,

20   81 F.3d at 834.

21       In this case, the ALJ found Plaintiff's testimony concerning the intensity, persistence, and

22   limiting effects of his symptoms to be not entirely credible. *See* AR 556. In light of the ALJ's

23   error evaluating the medical evidence, the credibility of the Plaintiff's statements necessarily

24

1  must be reviewed. Thus, upon remand, the ALJ should reconsider Plaintiff's alleged symptoms

2  anew as necessitated by further consideration of the medical opinion evidence.

3  **III.    Whether the Matter Should Be Remanded for Benefits.**

4  Plaintiff argues the Court should remand for a calculation and award for benefits. Dkt.

5  11, p. 19. The Court may remand this case "either for additional evidence and findings or to

6  award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the

7  Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand

8  to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587,

9  595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the

10  record that the claimant is unable to perform gainful employment in the national economy," that

11  "remand for an immediate award of benefits is appropriate." *Id.*

12  Benefits may be awarded where "the record has been fully developed" and "further

13  administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v.*

14  *Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

15  (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the
     claimant's] evidence, (2) there are no outstanding issues that must be resolved

16  before a determination of disability can be made, and (3) it is clear from the
     record that the ALJ would be required to find the claimant disabled were such

17  evidence credited.

18  *Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

19  Here, because issues still remain in regard to evaluating the medical opinion evidence, remand is

20  warranted. [3]

21  _____

22  [3] Plaintiff argues the ALJ erred by failing to find Plaintiff disabled pursuant to Medical-
     Vocational Rule 201.14. *See* Dkt. 11, pp. 4-8. Plaintiff's argument is dependent on the ALJ
23  giving significant weight to Dr. Pellicer's medical opinion. *See id.* After reconsidering Dr.
     Pellicer's opinion on remand, the ALJ shall consider whether Medical-Vocational Rule 201.14
24  applies to Plaintiff's new RFC.

OPINION REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 16

1

<u>CONCLUSION</u>

2      Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded

3 Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and

4 this matter is remanded for further administrative proceedings in accordance with the findings

5 contained herein.

6      Dated this 23rd day of December, 2016.

7

8

David W. Christel
9                                              United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24